UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA SMITHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01897-SEB-MKK |
| | ) |
| DANIEL CARNINE, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On June 28, 2021, Plaintiff Debra Smithers ("Ms. Smithers") fractured her femur when she slipped and fell down a flight of stairs in the single-family home that she leased from Defendant Daniel Carnine ("Mr. Carnine"). She filed this action against Mr. Carnine, her landlord, arguing that his purported negligence in maintaining the premises was the proximate cause of her injury. On August 9, 2023, Mr. Carnine moved for summary judgment, dkt. 26, pursuant to Federal Rule of Civil Procedure 56. For the reasons explained below, Mr. Carnine's motion is **GRANTED**.

**STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that "might affect the outcome of the suit," and a dispute about a material fact is genuine when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court's only task is "to decide, based on the evidence of record, whether there

is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Anderson,* 477 U.S. at 249–50). When deciding whether a genuine dispute of material fact exists, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572 (7th Cir. 2021).

Our Local Rules instruct the non-moving party to respond to a summary judgment motion by identifying determinative and disputed facts that create a triable issue. S.D. Ind. Local Rule 56-1(b). In the absence of a nonmovant's responsive brief, "the facts as claimed and supported by admissible evidence by the movant are admitted without controversy." *Id.* 56-1(f)(1). In other words, when the non-moving party fails to respond, it effectively concedes the moving party's version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though we still construe the facts in the light most favorable to the non-moving party, a party's nonresponse "limit[s] the scope of facts a court may take into account in determining whether a genuine issue of material fact exists." *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).[1]

---

[1] Our Local Rules also require that each electronically filed exhibit be "created as a separate PDF" and "submitted as an attachment to [a] main document." S.D. Ind. Local R. 5-1(a). Compliance with this procedure facilitates the court's ability to locate and review each exhibit that is submitted to the record and cited in the party's briefs. Mr. Carnine did not file his exhibits in accordance with our Local Rules, which we flag for the benefit of the undersigned counsel's future filings in this district. *See* dkt. 28.

## BACKGROUND

### I.  PROCEDURAL HISTORY

Ms. Smithers originally filed this lawsuit in Indiana state court on September 1, 2022. Mr. Carnine timely removed it to federal court on the basis of our diversity jurisdiction. On August 9, 2023, Mr. Carnine moved for summary judgment. Though Ms. Smithers requested (and was granted) an extension of time to file her response, the deadline has now passed, and she has filed no response. Thus, we treat the following facts as undisputed.

### II.  UNDISPUTED FACTS

While at her home on June 28, 2021, Ms. Smithers deposited a small collection of dirty clothes into a laundry basket and, gripping the basket with two hands, embarked on her usual route down the stairs to the laundry unit in the basement. As Ms. Smithers approached the "tight curve" about halfway down the stairs, her foot slipped on the "hard plastic" tread affixed to the step, causing her to fall. Smithers Dep. 54:15, dkt. 28 at 14; Pl.'s Resp. Def.'s Interrog. No. 6, dkt. 28 at 21. Ms. Smithers was unable to stand up but managed to pull herself back up the staircase toward the backdoor, eventually propping the door open just enough to shout for her neighbor's aid. As a result of that fall, Ms. Smithers suffered a fractured femur and has undergone several surgeries.

Ms. Smithers's rental of the single-family home from Mr. Carnine began in October 2020. Prior to executing their twelve-month lease agreement, Ms. Smithers toured the premises and apparently did not notice or otherwise encounter any defects that might indicate that the premises were unsafe. Smithers Dep. 45:16–19, dkt. 28 at 10. Though Mr.

Carnine owned the property, he and Ms. Smithers met only once during the term of Ms. Smithers's lease. It was Mr. Carnine's parents who "t[ook] care of everything" and visited the premises monthly to collect rental payments. *Id.* 45:1–46:2.

The interior of the home consisted of a main floor and a basement. Ms. Smithers was the sole tenant, but her son and daughter-in-law visited weekly and usually took care of Ms. Smithers's laundry, using the washer and dryer units in the basement. According to Ms. Smithers, neither her son nor daughter-in-law ever experienced any difficulty with the basement stairs; nor did they ever mention any concerns about the condition of the stairs. Ms. Smithers testified that she herself used the basement stairs twice daily, usually without incident. Even after her fall, Ms. Smithers never reported that the stairs or the plastic treads affixed thereto were broken or defective in any way.

The basement stairs, Mr. Carnine tells us, were original to the home, but Mr. Carnine "does not know wo [sic] constructed the stairs and [sic] what materials were used." Def.'s Resp. Pl.'s Interrog. No. 21, dkt. 28 at 25. Likewise, we have not been informed when the house was originally built or when Mr. Carnine purchased it. Mr. Carnine says that no repairs or changes were made to the stairs after he purchased it (notwithstanding a provision in the lease agreement stating that the "[h]ome is remodeled at this time," dkt. 28 at 32). A wall-mounted handrail ran alongside the staircase; however, Ms. Smithers reported that she often did not use the handrail because "it was so big" and thus "was not easy to hold onto." Smithers Dep. 55:19–22, dkt. 28 at 15. Green plastic tread was attached to each step, which Mr. Carnine says had been installed prior to his ownership of the rental property.

4

> According to the lease agreement's "Indemnification" clause:
>
> Owners shall not be liable for any damage or injury to tenant or other persons, or to any property, occurring on the premises or any parts thereof, or in common areas thereof. Tenant agree [sic] to hold Owners harmless from any claims for damages, no matter how caused.

Dkt. 28 at 32. Mr. Carnine retained a limited right of entry, for example, to inspect the premises in case of emergency or make requested repairs. *Id.* Mr. Carnine only entered the premises for maintenance or repairs upon Ms. Smithers's request, but Ms. Smithers apparently never made any such request. Def.'s Resp. Pl.'s Interogg. No. 5, dkt. 28 at 24.

## DISCUSSION

Under Indiana negligence law, a plaintiff must establish that: (1) the defendant owed the plaintiff a duty to conform its conduct to a standard of care; (2) the defendant breached that duty; and (3) the defendant's breach proximately caused the plaintiff's injury. *Foxworthy v. Heartland Co-Op, Inc.*, 750 N.E.2d 438, 441 (Ind. Ct. App. 2001). Whether a duty exists is a question of law, and when answered in the negative, summary judgment is appropriate because, put simply, if there is no duty, there can be no breach thereof. *Olds v. Noel*, 857 N.E.2d 1041 (Ind. Ct. App. 2006); *cf. Zubrenic v. Dunes Valley Mobile Home Park, Inc.*, 797 N.E.2d 802 (Ind. Ct. App. 2003) (factual questions may be interwoven, rendering existence of duty a mixed question of law and fact).

Absent a "statute, covenant, fraud, or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant." *Marchino ex rel. Marchino v. Stines*, 182 N.E.3d 253, 256 (Ind. Ct. App. 2022) (quoting *Olds*, 857 N.E.2d at 1044). Accordingly, once full possession and

control are transferred to the tenant, the landlord owes no duty "to protect [the] tenant[ ] from injuries due to defective conditions on the property." *Zubrenic*, 797 N.E.2d at 806. By contrast, a landlord who retains control over common areas, such as the stairwell of a multi-unit apartment complex, ordinarily owes his or her tenants a duty to maintain those common areas in a safe condition. *Id.*

There are some limited circumstances in which a landlord may be liable to a tenant who fully possesses and controls the leased premises. First, a tenant may recover for injuries caused by a defect that the landlord negligently repaired. *Id.* (citing *Houin v. Burger*, 590 N.E.2d 593, 597 (Ind. Ct. App. 1992)). Second, a tenant may recover for injuries caused by a latent defect "of which the landlord was aware but which w[as] unknown to the tenant and w[as] not disclosed by the landlord." *Id.* (citing *Hodge v. Nor-Cen, Inc.*, 527 N.E.2d 1157, 1159 (Ind. Ct. App. 1988)).

Here, we find that Mr. Carnine owed no duty to Ms. Smithers, as she was undisputedly the sole tenant of an undivided, single-family dwelling who fully possessed and controlled the leased premises at the time of her fall. Though Mr. Carnine retained a right of entry, his right was limited to entry for specific purposes, and he exercised that right only upon a request from Ms. Smithers. According to the record before us, Ms. Smithers never requested any repairs that would prompt Mr. Carnine to exercise his right of entry. Under Indiana law, such limited "reservation of a right of entry on rented premises" does not amount to legally cognizable "control and possession of the premises." *Olds*, 857 N.E.2d at 1046. Because Mr. Carnine did not control the leased premises at the

time of Ms. Smithers's fall, he owed her no duty under the general rule and is not liable for her injuries.

Likewise, no recognizable exception applies here to impose such a duty on Mr. Carnine. First, there is no evidence that Ms. Smithers requested any repairs on the stairway or that Mr. Carnine undertook a negligent repair thereof. Further, there is no evidence that Ms. Smithers's injury was caused by a latent defect of which Mr. Carnine knew but did not disclose. In fact, nothing suggests that the stairs were defective; Ms. Smithers never asserted that Mr. Carnine concealed any latent defects, nor did she state that the stairs or the tread were broken, loose, or unreasonably dangerous. Indeed, she regularly (and mostly uneventfully) used the stairs twice per day, navigating the "tight curve" and opting not to rely on the adjacent handrail. Thus, we conclude that Mr. Carnine owed no duty to Ms. Smithers; and Mr. Carnine is entitled to judgment as a matter of law. [2]

## CONCLUSION

There being no genuine dispute as to any material facts, which clearly establish that Ms. Smithers fully possessed and controlled the leased premises at the time of her fall and that Mr. Carnine neither negligently undertook a repair nor concealed any latent defect, we hold that Mr. Carnine owed no duty to Ms. Smithers.

Mr. Carnine's Motion for Summary Judgment is therefore **GRANTED**. Mr.

---

[2] Because we conclude that Mr. Carnine owed no duty to Ms. Smithers, we need not reach Mr. Carnine's alternative arguments regarding breach or the "Indemnification" clause.

Carnine's Motion for Oral Argument, dkt. 29, and Motion to Preclude Expert Testimony, dkt. 41, are **DENIED AS MOOT**. Final judgment shall be entered accordingly.

    IT IS SO ORDERED.

Date: 10/12/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lawrence Bucher, Jr.
SCHULTZ & POGUE, LLP
jbucher@schultzpoguelaw.com

Stacey Ann Everton
Schultz & Pogue LLP
severton@schultzpoguelaw.com

Sarah Jane Graziano
Hensley Legal Group, PC
sgraziano@hirehensley.com

Rudy Longman
McCready, Garcia & Leet, P.C.
Rudy@mccreadylaw.com